UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RHYIAN SZPILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-2275 |
| | ) | |
| JUDGE ELLIOT, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and currently detained at Jerome Combs Detention Center, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that his assigned public defender (Defendant Lawson) has provided inadequate assistance of counsel in his state court criminal case and that the presiding state court

judge (Defendant Elliot) has not remedied the problem despite his complaints. Plaintiff alleges both defendants have violated his constitutional rights.

Judges have absolute immunity from suit for actions they take in their capacity as judicial officers. *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Public defenders are not state actors for purposes of 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981). Plaintiff, therefore, cannot prevail against these defendants. Plaintiff also cannot sue the Kankakee Courthouse or the Circuit Court; only "persons" can be sued under § 1983. *See Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (holding the Cook County Jail was not a person under Section 1983).

The Court finds that Plaintiff sued individuals who are immune from suit. Plaintiff's lawsuit will be dismissed.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal may count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

4) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.**

5) **Plaintiff's Motion to Request Counsel [5] is denied for failure to show that he attempted to recruit counsel on his own.** *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Entered this 24th day of January, 2022.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
